Rosemary M. Rivas (SBN 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY, LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DENNIS HUSTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NIMBLE STORAGE, INC., FRANK CALDERONI, JAMES J. GOETZ, WILLIAM JENKINS JR., JERRY M. KENNELLY, WILLIAM J. SCHROEDER, BOB KELLY, VARUN MEHTA, and SURESH VASUDEVAN,<br><br>Defendants. | Case No. 4:17-cv-01533-JSW<br><br><u>CLASS ACTION</u><br><br>**STIPULATION AND [PROPOSED] ORDER VOLUNTARILY DISMISSING ACTION AS MOOT AND RETAINING JURISDICTION TO DETERMINE AN APPLICATION BY PLAINTIFF'S COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 5, 2nd Floor |

STIP AND [PROPOSED] ORDER VOLUNTARILY DISMISSING ACTION AS MOOT
Case No. 4:17-cv-01533-JSW

**STIPULATION OF DISMISSAL AND [PROPOSED] ORDER**

WHEREAS, Plaintiff filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of Nimble Storage, Inc. ("Nimble Storage"), by Hewlett Packard Enterprise Company and its wholly-owned subsidiary, Nebraska Merger Sub, Inc., pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around March 7, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of Sections 14(d), 14(e), and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in Nimble Storage's Solicitation/Recommendation Statement (the "Solicitation Statement") filed with the SEC on or around March 17, 2017;

WHEREAS, Defendants deny that Plaintiff has asserted any meritorious claim, deny that the Solicitation Statement contained any misstatement or omission, and assert that no further information is required to be provided;

WHEREAS, on April 5, 2017, Nimble Storage filed an amendment to the Solicitation Statement that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Solicitation Statement (the "Supplemental Disclosures");

WHEREAS, Plaintiff's Counsel believes they may assert a claim for a fee in connection with the prosecution of the Action and the issuance of the Supplemental Disclosures, and have informed Defendants of their intention to petition the Court for such a fee if their claim cannot be resolved through negotiations between counsel for Plaintiff and Defendants (the "Fee Application");

WHEREAS, all of the Defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application and the right to dispute which Court should address any Fee Application;

WHEREAS, no class has been certified in the Action;

1  WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED that:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only.  All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction, as appropriate, of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if such Fee Application becomes necessary.

4. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes Defendants' right to oppose the Fee Application and the right to dispute which Court should address any Fee Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. If the parties reach an agreement concerning the Fee Application, they will notify the Court.  Upon such notification, the Court will close the Action.

DATED:  April 19, 2017

**LEVI & KORSINSKY LLP**

By:  /s/Rosemary M. Rivas
Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

*Attorneys for Plaintiff*

**FENWICK & WEST LLP**

By: /s/Kevin P. Muck
Kevin P. Muck
Felix S. Lee
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

*Attorneys for Defendant Nimble Storage Inc. and the Individual Defendants*

### FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

/s/ *Rosemary M. Rivas*
Rosemary M. Rivas

- 3 -
STIP AND [PROPOSED] ORDER VOLUNTARILY DISMISSING ACTION AS MOOT
Case No. 4:17-cv-01533-JSW

**[PROPOSED] ORDER**

Based on the foregoing stipulation and good cause being shown, the Court hereby GRANTS the parties' Stipulation. The Court hereby orders as follows:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. The Court retains jurisdiction, as appropriate, of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if such Fee Application becomes necessary.

3. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes Defendants' right to oppose the Fee Application and the right to dispute which Court should address any Fee Application.

4. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

5. If the parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

IT IS SO ORDERED this _____ day of _____, 2017.

> The Honorable Jeffrey S. White
> United States District Judge